Et

per curiam

This bill hath been discharged by Siu-art ni Ihe <ie!iveries of salt and tar, proven in the cause. The question is, as these deliveries were not endorsed, no< the bond taken up, wheiher !hey are' to be considered is a good payment as to Black, the assignee. As to which, the ■ouet is of opinion, that this bill is a bill belonging to Blanchard& Co. though made payable to Blanchard only. I: is expressed' to be for a debt due to the company, and is given to a partner as one of the company. Blanchard is only in the nature of a trustee for tiie whole company; his act is binding upon the whole company. The company after this transaction, could not support, a suit upon the open account against Stuart.— Then the payment having been made to a Clerk of Blanchard, it is a payment to Blanchard; and a payment of a partnership debí to him. e -i ig one of the partners, binds the whole partnership; and Black, the assignee, is one of *316 them : wherefore the payment is a good one as to Black, the present Plaintiff. Secondly, supposing tbi« riot to Jiave been a partnership bond, but to belong to Blanchard only, haying been made payable to him only ; yet, the cimimstane.es of this case render it probable, that the assignment was not made till after the payments, probably mot till -sometime about the beginning of 1794 ; and then this bill was assigned a year and six months after it was payable. If a paper be assigned at the time it is payable or before, and no payments endorsed, the assignee will hold discharged of all payments that may have been made previous to the assignment ; but if that be made after the day of payment, then the jury are at liberty to take into consideration any circumstances from whence they may reasonably presume, the assignee knew of the payments. The presumption is strengthened in proportion as the time of the assignment is at a greater or shorter distance from the time of payment, and in the same proportion these collateral circumstances will have the greater or less weight. In the present instance, a great length of time lias intervened, and therefore a slight circumstance will do, to raise a presumption of notice of these pay menta in the assignee. After such a length of time, why did not Black make some enquiry of Mr. Slu-art respecting this bill, before he took the assignment í Had such enquiry been made, he wouid not have taken the assignment at all. The length of time was enough to put him upon enquiry, yet lie made none. Add to this, that from his situation and connexions with Blanchard, it may be presumed he might have known something of the transactions, had he taken proper pains. If the jury believe he might have had knowledge of the payments by. enquiry, then they should find for the Defendant — otherwise, for the Plaintiff. They found for the Defendant.— Cases cited, 3 D. & E. 81. H. Bl. Rep. 89.
Note. — Vide 2d. Am. Edit. of the 2d. Vol. of Philips on Evidence, p. 14, on the noie where, Uk-1.« rth> ive to .u goiiabh mítrum. i>¡»jnthe hands of an assignee, is discussed s and the dist:. ct' n taken in this case, is fully supported by many authorities, both English and Arne. «can»